By the Court. Sandford, J.
The plaintiffs stand in the place of Williams & Ferguson, and cannot recover, unless the latter could have maintained a suit upon this note at the time they executed the assignment.
The amended charter of the city of New York provides that “ no member of either board,” (of the common council,) “ shall, during the period for which he was elected, be directly or indirectly interested in any contract, the expenses or consideration whereof are to be paid under any ordinance of the common council.” (Laws of 1830, ch. 122, § 11.)
In direct contravention of this statute, and of his duty as a member of the board, Mr. Williams- was interested in the contract for supplying the alms house with coal; and while by the contract he was made the judge of the quality of the coal in behalf of the city, by the secret arrangement with the defendant, he was to aid in purchasing and supplying it in fulfilment of the contract.
We have no doubt that the note, given for the share of the profits to which his firm was entitled in this illegal transaction, is void between the original parties. It is void, both because its consideration was the fruit of a positive violation of law, and because the transaction itself was against sound morals and the public interests.
The cases to which we were referred by the plaintiff’s counsel, are not sufficient to sustain his positions. In that of Tenant v. Elliot, 1 B. & P. 3, the defendant was not a party to the illegal contract. He received the money as the plaintiff’s *150 agent, and it was held that he could not set up an illegality to keep back the money from his principal. The case of Farmer v. Russell, 1 ibid. 296, was decided on the same ground, and was not designed to extend the doctrine farther than it had been held in the previous decision. In Faikney v. Reynous, 4 Burr. 2069, the plaintiff had lent money to the defendant to pay the latter’s half of a difference they had jointly lost in illegal stock jobbing, and a bond was given for its repayment. The bond, was adjudged good, because the plaintiff was not concerned in the use which the defendant chose to make of the money advanced. The court said the bond did not appear to have been given on an illegal consideration. In Petrie v. Hannay, 3 T. R. 418, the King’s Bench, against the opinion of Lord Kenyon, decided, that one party who with the consent of the other, paid the joint loss incurred in such a transaction, to a broker, whom they had employed to settle and pay the difference lost; could maintain a suit against the other party for his moiety of the money. This decision was one of doubtful authority at the time, and scarcely sustainable upon that in 4 Burr. 2069, on which solely it was reposed by the majority of the court.
It has since been entirely overturned in England by the cases of Steers v. Lashley, 6 T. R. 61; Aubert v. Maze, 2 B. & P. 371; and Cannan v. Boyce, 3 B. & Ald. 179. Indeed, Steers v. Lashley, is directly in point against the plaintiffs in the case at bar.
We were referred to two or three other modern cases in England, as feeing in favor of a recovery. The courts there appear occasionally to have strained a point, where the infringement of law was peculiarly venial, and injustice might ensue from enforcing the principle. And in one of them, (Brown v. Duncan, 10 B. & Cres. 93,) where one partner had omitted to comply with certain revenue regulations, and had violated another, in transacting the business for which his firm brought the suit; the firm was allowed to recover, because there was no fraud upon the revenue. The court distinguished between that case and those where the object of the statute infringed, was the protection of the public, such as the usury act, the act against stock- *151 jobbing; and the hite. And the court said some of the prior-cases were decided on that distinction.
In Armstrong v. Toler, (11 Wheat. 258,) the court on the authority of the cases in 4 Burrow, 1 Bos. & Puller, and 3 Term Reports, sustained a recovery on the particular transaction ; at the same time assenting to the principle, that a contract growing immediately out of an illegal act; or connected with its consideration, though a new contract, cannot .be enforced in a court of justice.
The plaintiff further contended that the prohibition in the city charter was a mere municipal regulation‘in a private statute, and therefore a contract in violation of it, is not void. We will not say what the consequence would be, if the prohibition were found in an ordinance of the corporation instead of the statute law. The case in 1 Merrivale, to which we were referred, is in favor of the position that the contract would be void in that event, if positively forbidden, and the ordinance were authorized by the charter. The party in 1 Merrivale, was relieved, because there was not an express prohibition, but the city of London had enacted that if the party did the act, he should incur a certain penalty.
We repeat that the note in question is void, and the plaintiffs cannot recover.
Judgment for the defendant.