THOMAS S. JONES *v.* THE FIREMEN'S FUND INSURANCE COMPANY.

The defendants issued a policy of insurance upon plaintiff's "stock of fireworks— hazardous and extra hazardous." In the body of the policy, there was a printed provision, which declared "that the policy shall be null and void, whenever any article shall be kept in quantities greater than the law allows, or in a manner different from that prescribed by law, unless said use or keeping is specially provided for in this policy." The plaintiff kept certain dangerous "colored lights," contrary to the provisions of a city ordinance. These "colored lights" having ignited, and caused the loss. *Held,* in an action upon the policy, that the written provision of the policy, insuring fireworks, &c., was not repugnant to, and did not amount to a waiver of, the printed condition of the policy; the meaning of the policy being, that the plaintiff might keep only such a stock of fireworks, and of the kind and quantity, as it was lawful to keep under municipal regulations; and, having violated a regulation, in keeping the colored lights which caused the fire, that the plaintiff could not recover.

An ordinance enacted under the general authority given by the city charters and the Act of 1806, to the common council, forbidding the keeping of certain fireworks within the city limits, is binding on all the inhabitants, and has all the force and effect of a law.

APPEAL by the defendants from a judgment at trial term.

The action was brought by the plaintiff to recover the loss by fire of certain property insured by the defendants.

The policy was dated the 14th day of February, 1865, and for $23.50 insured the plaintiff against loss or damage by fire to the amount of $2,500 on his stock of fireworks, ordnance stores, and other merchandise, hazardous and extra hazardous, contained in the brick building, No. 16 John street, New York.

By the printed terms of the policy, it was provided that "whenever gunpowder, or any other articles subject to legal restriction, shall be kept on said premises in quantities greater than the law allows, or in a manner different from that prescribed by law, unless said use or keeping is specially provided for therein, this policy shall be null and void; and that the company will not be answerable for any loss in consequence of neglect of or deviation from the laws or regulations of police

made to prevent accidents from fire, in places where laws and regulations on the subject exist."

The corporation of the City of New York, in pursuance of legal authority, had enacted an ordinance forbidding the storage of fireworks, excepting that "fireworks, excepting colored pot and lance wheels, and other works of brilliant colored fires, not exceeding in value $1,000, may be kept for retailing within the fire limits, from the 10th of June to the 10th of July of each year, and no longer, except by permission, such permission to be granted by the chief engineer of the fire department."

Notwithstanding, plaintiff did keep fireworks, and had other works of brilliant colored fires in his store on the 25th day of August, 1865, and they exploded and set fire to the premises.

The cause was tried before Judge Cardozo and a jury on the 8th of February, 1867, and the jury under the direction of the court found a verdict for the plaintiff, the exceptions to be heard at the general term in the first instance.

*Varnum & Turney* and *Livingston K. Miller*, for appellants.

I. The plaintiff was engaged in an act forbidden by law; this violation of statute was the cause of the loss, and the plaintiff cannot recover (1 Comyn on Contracts, quoted in *Otis* v. *Harrison*, 36 Barb. 210). The ordinance had the same effect as a general statute of the State (*Bell* v. *Quin*, 2 Sand. S. C. R. 146; *Beman* v. *Tugnot*, 5 Id. 153).

II. The privilege to keep fireworks did not permit keeping works of *brilliant colored fires*. The terms of the policy expressly forbade it, as being contrary to law. The policy was framed with reference to ordinary fireworks, and the plaintiff had no legal right to subject defendants to the additional and fatal risk of other and explosive articles. This keeping, being prohibited by the policy without the statute, would preclude a recovery by the plaintiff (*Westfall* v. *Hudson River F. Ins. Co.* 12 N. Y. 289; *Mead* v. *Northwestern Ins. Co.* 7 N. Y. 530; *St. John* v. *Am. Fire Ins. Co.* 11 N. Y. 511).

Jones v. The Firemen's Fund Insurance Company.

III. The printed conditions not having been complied with, the plaintiff cannot recover. They are part of the policy (*Roberts* v. *Chenango Co. Mut. Ins. Co.* 3 Hill, 501; *Murdock* v. *The Chenango Co. Mut. Ins. Co.* 2 N. Y. 210; *Hayward* v. *Liverpool & London Ins. Co.* 7 Bosw. 385).

IV. The plaintiff should not recover for that which he himself did, in violation of the contract, of the statute and of public policy (*Hunt* v. *Knickerbocker*, 5 Johns. 327; *Parkin* v. *Dick*, 11 East. 502; *Westfall* v. *Jones*, 23 Barb. 9; *Seneca Co. Bank* v. *Lamb*, 26 Barb. 601; *Barton* v. *Port Jackson Plank Road Co.* 17 Barb. 404; *Griffith* v. *Wells*, 3 Denio, 226).

*Theo. Stuyvesant* and *A. A. Phillips*, for respondent.

I. The appellants having, under the policy, insured the respondent against loss or damage by fire on "stock of fireworks" &c., he had a right to have in his store such goods as are known under the general designation of "fireworks." (*a.*) This is true although the keeping of such goods was prohibited by the printed terms of the policy as extra hazardous (*Bryant* v. *Poughkeepsie Mutual Ins. Co.* 17 N. Y. 200; *Harper* v. *Albany Mutual Ins. Co.* Ib. 197). (*b.*) The insurers knew of the printed terms of the policy and yet contracted to insure his stock of fireworks, &c. The printed conditions, therefore, cannot override this special contract (*Mayor &c. of N. Y.* v. *Brooklyn Fire Ins. Co.* 41 Barb. 231). (*c.*) The prohibition contained in the policy against keeping or storing any goods, &c., denominated hazardous or extra hazardous, &c., is a conditional one, viz., "except as herein specially provided for."

II. The ordinance is not wholly prohibitory, but regulates the keeping and storing of fireworks. The question as to whether the respondent was guilty of a violation of the ordinance cannot affect or impair the contract, but is a question between the city authorities and the respondent (*Brown* v. *Buffalo & State Line R. R. Co.* 22 N. Y. 191).

By the Court.—Daly, F. J.—The written part of a policy prevails over that which is printed where the two are repugnant (*Harper* v. *The Mutual Ins. Co.* 17 N. Y. 198); but the written provision in this policy insuring a stock of fireworks upon the premises, is not repugnant to the printed provision which declared that the policy should be null and void whenever any article should be kept on the premises in quantities greater than the law allows, or in a manner different from that prescribed by law; unless said use or keeping was specially provided for in the policy. By an ordinance of the city, fireworks, not exceeding in value one thousand dollars, except fireworks of a particular description, which are specified, may be kept for retail within the fire limits, from the 10th of June to the 10th of July, and longer if permission is granted by the Chief Engineer of the Fire Department. "Colored, pot and lance wheels and other works of brilliant colored fires," are the fireworks excepted, and the keeping of them, at any time, or under any circumstances, within the fire limits, is, as I construe the ordinance, forbidden. This ordinance is in the nature of a police regulation, enacted under the general authority given by the city charter to the common council to pass "laws, statutes and ordinances for the good rule and government of the city" (Dongan's Charter, § 7; Montgomorie Charter, § 14) and by the direct authority of the act of 1806, to pass as often as they deem it necessary, ordinances "to regulate the keeping of combustible or dangerous material within the bounds of the city" (Valentine's Law relating to the city of New York, p. 452, § 15), which ordinances are binding upon all the inhabitants of the city (Dongan's Charter, § 7) and have, therefore, within its limits, all the force and effect of laws. The defendants having provided in the body of the policy, that it should be void if any article subject to legal restriction should be kept in greater quantities than the law allows, or in a manner different from that prescribed by law, unless the keeping of it was provided for in the policy, it is not to be assumed that the defendants meant by the written provision insuring a stock of fireworks, to provide by that provision, for the defendants keeping a particular kind of fireworks, the keeping of which, within the building, was forbidden by a municipal law; the more

especially as one of the conditions upon which the insurance was made, was to the effect, that the defendants were not to be answerable from any loss arising in consequence of neglect of or deviation from the law, or regulations of police, made to prevent accident from fire, in places where law and regulation on the subject exist.

The defendants insured, to the extent of twenty-five hundred dollars, a stock of fireworks, ordnance stores, and other merchandise, hazardous and extra hazardous. Fireworks and ordnance stores do not come under the head of the articles enumerated in the policy as hazardous or extra hazardous. Ordnance stores, as such, are not embraced in any of the classes specified, and fireworks, except crackers in packages, are enumerated in the policy under the head of *specially* hazardous, for which an extra and the highest rate of premium is charged. The schedule of the plaintiff's loss shows that his stock consisted of guns, pistols, cannon, swords, military equipments, uniforms, &c., amounting in all to over $22,000, and the fireworks constituted a comparatively small part of it, not more in value than he was allowed to keep under the ordinance, that is to the amount of $1,000. It is therefore more reasonable to suppose that what was meant by the language employed, was a stock of fireworks of the kind, and within the quantity, which the plaintiff might lawfully keep under the municipal laws of the city, and was not meant to embrace fireworks of a certain and dangerous kind, which he and all other inhabitants of the city were forbidden to keep within the fire limits.

After the insurance was effected, the plaintiff had an order for a quantity of signal lights, and after filling a box, he placed about half a dozen of these signal lights, which, it was conceded, came within the description of "works of brilliant colored fires," upon a shelf in the store. About four or five days afterward, as the plaintiff's brother was sitting in the store, he was struck on the back with something, hearing at the same time a hissing noise, upon which he turned around, and found the signal lights upon the shelf on fire, and in ten minutes after, the store was enveloped in flames. It also appeared in evidence that the plaintiff was in the habit of keeping signal lights of this description all the year round.

The fire, therefore, and consequent loss, was produced by the plaintiff neglecting to observe the corporation ordinance. It shows the utility of such an ordinance, and the propriety of the defendants making it a condition of the insurance that they would not be responsible, if the fire should arise from the neglect of, or deviation on the part of the insured from, ordinances like this, passed to prevent accidents from fire. Their observance lessens the risk taken by the insurer, and where an insurance company has stipulated for their strict observance, and that no article shall be kept on the premises in a manner different from what the law allows, it would require something more explicit in the written part of the policy than is contained in this to justify the conclusion that the company waived these two printed conditions. A new trial should be ordered.

New trial ordered.