WILLIAM HEENEY *et ux. vs.* MARY SPRAGUE.

A municipal ordinance required the removal of snow, &c., from sidewalks, by the owner of the adjoining premises, and prescribed a penalty for neglect. H., being injured by a fall on a sidewalk, slippery with snow which had not been removed, sued S., the owner of the adjoining premises, claiming that S. was liable in damages to H. on account of the violation of the ordinance by S. : —

*Held,* that the action would not lie.

The violation of a duty imposed by a municipal ordinance, and sanctioned by a fine, will not support an action on the case for special damages in favor of one injured by the violation and against the violator.

The power to enact ordinances being delegated must be strictly construed.

*Semble,* that where a statute imposes a duty, unless the duty is for the benefit of particular persons or classes, or is in consideration of some emolument or privilege conferred, a person damnified by the violation of the duty cannot maintain an action on the case against the violator for special injuries caused by the violation, — the only liability arising from the violation of such a duty being the penalty prescribed by the statute.

*Query.* How far does a liability upon a statutory duty arise from Stat. Westm. II. cap. 50 ?

MOTION in arrest of judgment.

This action was trespass on the case against the defendant, brought in the Court of Common Pleas and appealed to this court. In this court the plaintiff recovered a verdict for $2,750, and the defendant moved in arrest of the judgment thereon. The declaration set forth the following provisions of the Ordinances of the City of Providence : —

"SECTION 5. The owner or owners, occupant or occupants, or any person having the care of any building, or lot of land, bordering on any street, square, or public place within the city, where there is a sidewalk supported by a curbstone, shall within the first four hours of daylight after the ceasing to fall of any snow cause the same to be removed therefrom, and in default thereof shall forfeit and pay a sum not less than two dollars, nor more than ten dollars ; and for each and every hour after the expiration of the said four hours that the snow shall remain on such sidewalk, such owner or owners, occupant or occupants, or other person, shall forfeit and pay a sum not less than one dollar, or more than ten dollars.

" SECTION 6. The provisions of the preceding section shall also apply to the falling of any snow from any building.

" SECTION 7. Whenever the sidewalk, or any part thereof, adjoining any building, or lot of land, on any street, shall be incumbered with ice, it shall be the duty of the owner or owners, occupant or occupants, or any person having the care of such building or lot, to cause such sidewalk to be made safe and convenient, by removing the ice therefrom, or by covering the same with sand, or some other suitable substance ; and in case such owner or owners, or other persons, shall neglect to do so, for the space of two hours during the daytime, he shall forfeit and pay a sum not less than two, nor more than ten dollars, and a like sum for every day thereafter that the same shall continue so incumbered."

And charged that the defendant, neglecting to perform the duty imposed by these provisions, allowed the sidewalk in front of certain realty owned by her in Providence to remain covered with snow and to become slippery, whereby the plaintiff's wife, in the exercise of due caution, &c., on her part, fell on said sidewalk and suffered severe and permanent injury.

*Thurston, Ripley & Co.*, in support of the motion, cited *Flynn* v. *Canton Co. of Baltimore*, 40 Md. 312 ; *Van Dyke* v. *City of Cincinnati et al.* 1 Disney, 532 ; *Adm'r of Chambers* v. *Ohio Life Ins. & Trust Co.* 1 Disney, 327 ; *Kirby* v. *Boylston Market Association*, 14 Gray, 249 ; Wood on Nuisances, page 766.

*William W. Douglas & John E. Risley*, contra.

I. The city ordinance set forth in the declaration passed in pursuance of the provisions of the city charter imposed upon the defendant a duty which she has neglected to perform. Such neglect was the immediate cause of the injury, and subjects her to an action on the case by the injured person.

1. An action on the case will lie for damages directly occasioned by the neglect or omission of a duty imposed by law. Com. Dig. Action upon the Case (A) ; Shearman & Redfield on Negligence, pp. 16, 65, 412, 423, 460, and cases cited ; *Beckford* v. *Hood*, 7 Term Rep. 620 ; *Couch* v. *Steel*, 3 El. & B. 411 ; *Steam Nav. Co.* v. *Morrison*, 13 C. B. N. S. 581, 594, per Williams, J. ; *Caswell* v. *Worth*, 5 El. & B. 848, 855, 856 ; *Aldrich* v. *Howard*, 7 R. I. 199 ; *Wilson* v. *Susquehanna Turnpike Road*

*Co.* 21 Barb. S. C. 68; *Townsend* v. *Same*, 6 Johns. Rep. 90; Angell on Highways (2d ed.) p. 340, § 286; p. 362, § 298; p. 364, § 299, and cases cited.

2. The city ordinance, enacted under the general authority given by the city charter, is binding upon all the inhabitants of the city, and has within its limits all the force and effect of law. *Jones* v. *Fireman's Insurance Co.* 2 Daly N. Y. 307; referring also to *Bell* v. *Quinn*, 2 Sandf. 146.

In *Goddard, Petitioner*, 16 Pick. 504, Chief Justice Shaw holds a similar ordinance valid and binding.

3. The city charter applicable in this case is entirely independent of the Highway Act which gives a remedy against the city in case of certain obstructions.

The act in the Public Laws, edition 1844, as was decided by the United States Supreme Court, in *City of Providence* v. *Clapp*, 17 How. U. S. 161, decided December Term, 1854, did give a remedy to a person injured, in a case like the present, by action against the city; but the General Assembly, in the revision of 1857, absolutely annulled the action and remedy against the city or town, by the addition of a provision, that no person thus injured may avail himself of such remedy, unless *notice in writing has been given to the city, of the particular obstruction, twenty-four hours before the injury occurs.* This places the plaintiff in the dilemma that he has given notice and so estopped himself from ever bringing his action: because if he gave notice or any one else gave it to his knowledge, he knew of the particular danger, and it was negligence on his part not to have avoided it; or that he has not given notice, and is so barred of his action by the statute. If anyone else has given such notice, and he did not know it, the fact would not be available to him on trial, and his action would be equally barred.

Practically, then, we say that there is no remedy given by the statute against the city for this class of injuries, at least no such certain remedy as is guaranteed to every citizen in the words of our Constitution: " Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character." Constit. R. I. art. 1, § 5. And the intention of the statute was to take away the liability which the Supreme Court had thrown upon the city under the old statute.

This circumstance takes the case at bar out of the reason of the decision in *Kirby* v. *Boylston Market Association*, 14 Gray, 249, even if the decision in that case be considered law. The statute of Massachusetts, in force when that case arose, was similar to the Rhode Island act in force till 1857, and provided a remedy against the city or town which was both practicable and adequate. Vol. 1, Supplement to Rev. Stat. Mass., Stat. 1850, cap. 25, § 1.

The subsequent case of *Stanton* v. *City of Springfield*, 12 Allen, 568, in which the full bench sat, and where the opinion was delivered by Justice Hoar, holds that the liability of a city under the Highway Act is not measured by the obligation of an individual under the ordinance, but is independent of such ordinance. *Dygert* v. *Schenck*, 23 Wend. 446 ; *Selden* v. *Del. & Hud. Canal Co.* 24 Barb. S. C. 362 ; *Beckford* v. *Hood*, 7 Term Rep. 616, citing Lord Mansfield, in *Tonson* v. *Collins*, 1 W. Black. 330 ; *Gould* v. *Langdon*, 43 Pa. St. 365.

In *Dunlap* v. *Knapp*, 14 Ohio St. 64, a supervisor of highways was declared not liable in damages for alleged neglect of duty, because the supervisor was not *as an individual* bound to repair the bridge in question.

In all cases of incumbrances placed on the highways the individual causing or negligently suffering the incumbrance is held liable directly to the injured person, or to reimburse the town or city who have been compelled to pay damages to the sufferer. *Newbury* v. *Conn. & Pass. River R. R. Co.* 25 Vt. 377 ; *Lowell* v. *Boston & Lowell R. R. Co.* 23 Pick. 24 ; *Same* v. *Short*, 4 Cush. 275 ; *Same* v. *Spalding*, 4 Cush. 277 ; *Troy* v. *Cheshire R. R. Co.* 23 N. H. 83 ; see also Angell on Highways (2d ed.), p. 362, § 298 ; p. 364, § 299 ; *Townsend* v. *Susquehanna Turnpike Road*, 6 Johns. Rep. 90 ; *Wilson* v. *Same*, 21 Barb. S. C. 68.

II. The fact that a penalty is incurred by a violation of the ordinance is no bar to an action by the plaintiff who is injured by the violation. Shearman & Redfield on Negligence, p. 423, § 351.

" A statute imposing a fine does not take away the remedy by action of the case."

In *Aldrich* v. *Howard*, 7 R. I. 214, Ames, C. J., citing *Couch*

v. *Steel*, 3 El. & B. 411; *Steam Navigation Co.* v. *Morrison*, 13 C. B. N. S. 581, 594; *Caswell* v. *Worth*, 5 El. & B. 848, 855, 856, says: " We have no doubt that, when a statute makes the doing or *omitting* any act illegal, and subjects the offending parties to penalties for the public wrong only, a party specially injured by the illegal act or omission has the right of suing therefor at common law.

III. The neglect of a duty imposed by law subjects the defendant to the same liability to make good the damage caused by such neglect, that a positive act done in violation of law would have imposed upon her. *Aldrich* v. *Howard*, 7 R. I. 212.

Lord Brougham, in *Ferguson* v. *Kinnoull*, 9 Cl. & F. 289, says: " So, if the law casts any duty upon a person which he refuses or fails to perform, he is answerable in damages to those whom his refusal or failure injures." *Wilson* v. *Susquehanna Turnpike Road Co.* 21 Barb. S. C. 68 ; *Gould* v. *Langdon*, 43 Pa. St. 365 ; *Dygert* v. *Schenck*, 23 Wend. 446 ; *Hayes* v. *Porter*, 22 Me. 371, 377.

*February* 24, 1877. DURFEE, C. J. The plaintiffs base their right to maintain this action on the authority of cases which, they claim, hold that where a person is required by statute to do an act and neglects to do it, any person specially injured by the neglect is entitled to recover his damages in an action on the case, if no other remedy is given, and that, too, even when the statute imposes a penalty for its violation. *Couch* v. *Steel*, 3 El. & B. 402, 411; *General Steam Navigation Co.* v. *Morrison*, 13 C. B. N. S. 581, 594; *Caswell* v. *Worth*, 5 El. & B. 849; *Atkinson* v. *New Castle & Gateshead Water Works Co.* L. R. 6 Exch. 404; *Aldrich* v. *Howard*, 7 R. I. 199. It has been doubted, however, whether the cases go so far as is claimed. This doubt is expressed in *Flynn* v. *Canton Company of Baltimore*, 40 Md. 312, and in that case the attempt is made to confine the liability to cases in which the neglected duty is prescribed for the benefit of particular persons, or of a particular class of persons, or in consideration of some emolument or privilege conferred, or provision made, for its performance, and to show that it does not extend to a duty imposed without consideration, and for the benefit of the public at large, — the only liability for the neglect of such a duty being the penalty

prescribed. And this view is supported by strong, if not irrefragable authority. *Hickok* v. *Trustees of Plattsburg,* 16 N. Y. note on p. 161; *Eastman* v. *Meredith,* 36 N. H. 284; *Bigelow* v. *Inhabitants of Randolph,* 14 Gray, 541; *Aldrich* v. *Tripp, ante,* p. 141. But even supposing the liability is not subject to any such qualification, then, inasmuch as the neglected duty was not enjoined by statute but by a municipal ordinance, the question arises whether in this respect an ordinance is as effectual as a statute. There are many things forbidden by ordinance which are nuisances or torts, and actionable as such at common law. The question does not relate to them. The defendant has not done anything injurious to others which she was forbidden to do; she has simply left undone something beneficial to others which she was required to do under a penalty in case of default. The thing required was not obligatory upon her at common law. It was a duty newly created by ordinance, which, but for the ordinance, she might have omitted with entire impunity. The question is, whether a person neglecting such a duty is subject not only to the penalty prescribed, but also to a civil action in favor of any person specially injured by the neglect. If the liability exists, it is quite a formidable one. A fall on the ice is often serious in its consequences. The damages resulting from it may amount to thousands of dollars. And under the ordinance the liability, if it exists, may be visited upon either the owner or the occupant of the abutting premises, or upon any person having the care of them. And further, if the liability exists under the ordinance in question, it exists, *pari ratione,* under every ordinance prescribing a similar duty. To hold that it exists is therefore to recognize, outside the legislature, a legislative power as between individuals which, though indirectly exercised, is nevertheless, in a high degree, delicate and important. This we ought not to do, unless upon principle or precedent our duty to do it is clear; for we do not suppose that the creation of new civil liabilities between individuals was any part of the object for which the power to enact ordinances was granted.

In some of the cases the origin of the liability upon a statutory duty is ascribed to the Statute of Westminster II. cap. 50; 2 Inst. 485, 486. See *Couch* v. *Steel,* 3 El. & B. 402, 411; *Aldrich* v. *Howard,* 7 R. I. 199, 214. That chapter, however,

relates only to statutes; it does not extend to municipal ordinances. But even if the liability has its origin in the common law, we do not find that it has ever been held to extend to a neglect of duty enjoined simply by a municipal ordinance, and we think there are reasons, apparent from what we have already said, why it should not extend to it. The power to enact ordinances is granted for particular local purposes. It includes or is coupled with a power to prescribe limited punishments by fine, penalty, or imprisonment for disobedience. No power is given to annex any civil liability. The power, being delegated, should be strictly construed. It would seem, therefore, that the mere neglect of a duty prescribed in the exercise of such a power should not be held to create, as a legal consequence, a liability which, within the power, could not be directly imposed.

The plaintiffs, in support of the action, refer to *Jones* v. *Fireman's Fund Insurance Co.* 2 Daly, 307, and *Bell* v. *Quinn*, 2 Sandf. 146. Neither of these cases is like the case at bar. The first was an action upon a policy of insurance containing a provision that the policy should be void whenever any article should be kept in greater quantities than the law allowed, or in a manner different from that prescribed by law, unless provided for in the policy. The plaintiff, who was insured, kept a kind of fireworks, called "colored lights," contrary to a city ordinance. The court decided that city ordinances within the city limits have all the force and effect of law, and that the plaintiff therefore could not recover. Here the only question was whether a city ordinance was a law in the sense in which the word was used in the policy. The court, in deciding that it was, expressed itself broadly; but its language, in so far as it covered more than the point decided, was *obiter dictum*. The case of *Bell* v. *Quinn*, 2 Sandf. 146, involved the effect not of a city ordinance but of a city charter. The action was upon a contract entered into in violation of the charter, not for damages resulting from its nonobservance. The court said: " We will not say what the consequence would be if the prohibition were found in an ordinance of the corporation instead of the statute law." 2 Sandf. 151. And see *Ex parte Dyster, in the Matter of Moline*, 1 Meriv. 155; also in 2 Rose, 349; *Kemble et al.* v. *Atkins et als.* 1 Holt N. P. 427, and note; 7 Taunt. 260. The defendant, on the other hand,

has referred us to three cases: *Vandyke* v. *City of Cincinnati et al.* 1 Disney, 532; *Kirby* v. *Boylston Market Association*, 14 Gray, 249; *Flynn* v. *Canton Co. of Baltimore*, 40 Md. 312. These cases are all in point, for they are exactly like the case at bar. It was held in each of them that the only liability of the delinquent, under the ordinance, was to pay the penalty prescribed by it, and that the action could not be maintained. These decisions, in the absence of any case to the contrary, are entitled to our respect as authority, and for the reasons above indicated we agree with them. See *Brown, Adm'r,* v. *Buffalo & State Line R. R. Co.* 22 N. Y. 191; *Administrator of Chambers* v. *Ohio Life & Trust Co.* 1 Disney, 327, 336.

The defendant's motion in arrest of judgment is sustained.

*Judgment arrested.*

NOTE BY THE CHIEF JUSTICE. — The Statute of Westm. II. cap. 50, as translated in the Second Institute, 485, is as follows, to wit: " All the said statutes shall take effect at the feast of St. Michael next coming, so that by occasion of any offence done on this side the said feast, contrary to any of these statutes, no punishment (mention whereof is made within these statutes) shall be executed upon the offenders. Moreover, concerning the statutes provided *where the law faileth*, and for remedies, lest suitors coming to the king's court should depart from thence without remedy, they shall have writs provided in their cases, but they shall not be pleaded until the feast of St. Michael aforesaid." The chapter closes a series of chapters or statutes known as the Statute of Westminster II. It prescribes the time when the statutes shall take effect, but directs that writs under certain of them shall be framed before they go generally into effect, which, however, are not to be used until afterwards. The chapter does not relate to statutes generally, and certainly not to statutes subsequently enacted. It can affect such statutes, if at all, only by construction, or as declaratory of the common law. The remedy by an action on the case is given by the Statute of Westminster II. cap. 24. But that chapter creates no new liabilities, it merely gives a remedy.

NOTE BY THE REPORTER. — See Amer. Law Review, vol. 12, pp. 189, 191, October, 1877, for comments on this case.