# New York Marine Court.

### *Trial Term—November,* 1882.

## WM. B. ELLISON AND RODMAN B. ELLISON *against* SIMON SMOLLER.

**Partnership Names.**—Where persons come from other States and make contracts here, they must in respect to usury, licenses and firm names, conform to the laws of New York, or they will lose their ventures. Pennsylvania, although a foreign State, is not a foreign country. Where a firm doing business in Philadelphia, Penn., under the firm name of "John B. Ellison & Sons," opened a branch office in the City of New York, and sold in their firm name goods to the defendant, for which the latter gave a note,—*Held,* that as "John B. Ellison," whose name was used in the firm, had no interest therein, that under chapter 281 of the Laws of 1833 forbidding the the use of names of persons not interested in the firm, no recovery could be had.

Application for a new trial, or for an order directing judgment for the defendant *non obstante veredicto*.

The plaintiffs, William B. Ellison and Rodman B. Ellison, conduct business at Philadelphia, Pennsylvania, under the firm name of John B. Ellison & Sons. They have a branch office in the city of New York, where they keep samples and solicit orders. The defendant gave an order for goods at the New York branch office, which was subsequently filled. The defendant, after receiving the goods, mailed to the plaintiffs at their principal office, at Philadelphia, the note in suit. The note was given in payment for the goods, it was made in New York, and was payable there.

In defense to the present action upon the note, the defendant pleads the act of 1833 (chap. 281) which provides that "no person shall hereafter transact business in the name of a partner not interested in the firm." The trial judge directed a verdict for the plaintiff subject to the opinion of the court, and the defendant now moves for a new trial upon the minutes, or for an order setting aside the verdict and directing judgment in favor of the defendant (*Code*, § 1185).

*Samuel G. Adams*, for the motion.

*Rudolph Sampter*, opposed.

MCADAM, J.—The pleadings sufficiently show that there was no such person interested in the firm as "John B. Ellison," and there is no claim on the part of the plaintiffs that they have complied with any of the subsequent statutes of the State, permitting the continued use of firm names, on complying with certain conditions. The provision in the act of 1849 (chap. 347) exempting from the operation of the act of 1833, *supra*, commercial partnerships located and transacting busi-

ness in foreign countries, has no application to this case, because Pennsylvania, although a foreign State, is not a foreign country (King v. Parks, 19 *Johns.* 375; Cope v. White, 26 *Wend.* 517). Although the plaintiffs have their principal office at Philadelphia, Pennsylvania, where the use of their firm name is presumptively legal, it is clear to my mind that its use in carrying on a branch office in this State, is contrary to the act of 1833, and renders the transaction in suit illegal (Swords v. Owen, 43 *How. Pr.* 176). People who come from other States and make contracts here must in respect to usury, licenses and firm names, conform to the laws of this State, or whatever contracts they enter into in violation of our statutes are incapable of enforcement. In other words, the courts of this State will not lend their aid to enforce contracts which our laws have inhibited. I was in hope that the giving of the note could be construed into a waiver of the statute, so that the defendant might be compelled to pay that which is confessedly an honest debt, but there is nothing from which a waiver can be implied. The giving of the note was part and parcel of the illegal contract. Its sole consideration is the illegal sale, and it is difficult to discover how the consideration can be held illegal, and the evidence of it valid. The latter must follow the former; whatever taint entered into the consideration, followed into the note. Besides, the act in question was passed to protect the public against the use of fictitious names and of the use of the names of persons which did not represent actual partners, and the general rule is that where a statute is enacted to secure general objects of policy or morals, no consent will render a non-compliance with the statute effectual (*Sedgwick on Statutory Law,* 421). Under the circumstances, the direction ought to have been given to find for the defendant.

The direction to find for the plaintiff, subject to the

opinion of the court, will therefore be set aside, and, as the case presents only questions of law, I will, under section 1185 of the Code, direct judgment to be entered for the defendant, in the same manner as if such a direction had been given at the trial.